[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 229.]

THE STATE EX REL. TOLEDO NEIGHBORHOOD HOUSING SERVICES, INC.,
APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Toledo Neighborhood Hous. Serv., Inc. v. Indus. Comm.*,
2001-Ohio-151.]

*Workers' compensation—Allegation of several violations of specific safety violations including Ohio Adm.Code 4121-1-3-03(J)(1)—Employer required to provide lifelines, safety belts, and lanyards—"Provided," construed—If a worker does not know that certain equipment exists, the employer has not provided it—Industrial Commission does not abuse its discretion where its decision allowing VSSR claim is supported by "some evidence."*

(No. 99-2028—Submitted April 24, 2001—Decided July 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1491.

————————————

*Per Curiam.*

{¶ 1} Appellee-claimant Ronald Schmidt began working for Toledo Neighborhood Housing Services, Inc. ("NHS") in approximately 1989. On May 31, 1994, he was installing gable vents on a home that NHS was weatherizing. To do so, claimant put an extension ladder on top of a porch roof and leaned it against the house. Claimant fell approximately twenty-six feet when the ladder slipped.

{¶ 2} After his workers' compensation claim was allowed, claimant alleged that his employer had committed several violations of specific safety requirements ("VSSR"), including Ohio Adm.Code 4121:1-3-03(J)(1). That section directed:

"Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when * * *

exposed to hazards of falling when the operation being performed is more than fifteen feet above ground * * *." 1979-1980 Ohio Monthly Record 4-25, 4-28.

{¶ 3} The focus of administrative inquiry was on the word "provide," which Ohio Adm.Code 4121:1-3-01(B)(20) defines as "to make available." The parties agreed that claimant was working more than fifteen feet above the ground. They also agreed that the requisite safety equipment was in the truck assigned to claimant's work crew—which was parked at the accident site—on the date of injury.

{¶ 4} The crux of claimant's position was that NHS (1) never actually told him that the safety equipment was in the truck and (2) did not stress use of the equipment. As to the former, testimony revealed that employees worked in crews and that each crew was assigned to a truck. Each crew had a crew leader, who signed an inventory of the truck's equipment.

{¶ 5} Claimant was not a crew leader. He testified that neither a crew leader nor anyone else at NHS ever told him that safety belts, lanyards, or lifelines were in the truck. He also said that he had never signed for any such equipment, even though he had been required in the past to sign for other safety gear such as respirators and goggles. NHS was unable to produce anyone who remembered specifically telling claimant that the safety equipment was in the truck.

{¶ 6} Claimant's second point was that the presence of the equipment was not implied by workplace procedure. Several coworkers testified that, at most, they had used a safety line three or four times. It is not known, however, whether those were the only time safety belts were necessary or whether the belts were routinely needed but routinely ignored.

{¶ 7} Claimant initially denied any employment-related reference to safety lines, lanyards, and lifelines. Coworker testimony, however, placed claimant at both a preaccident NHS meeting and a training session where the safety equipment was discussed.

**{¶ 8}** A staff hearing officer ("SHO") for appellee Industrial Commission of Ohio granted claimant's application. NHS was granted a rehearing, in which claimant again ultimately prevailed. A second SHO wrote:

"The Staff Hearing Officer finds the following persuasive in finding in favor of the claimant: that the equipment was buried beneath rolls of cellulose and other materials; that the equipment was not used by the employees on a regular basis (average less than once every 3 years); that only once had the equipment been discussed at a training meeting in claimant's employment (4-5 years); and that the employer produced no receipts in which claimant acknowledged the existence of the safety items. The totality of this information leads the Staff Hearing Officer to find that there was lack of emphasis on the use of this equipment, both in training and in practice. Therefore, while the employer did place the required items upon the truck assigned to claimant's crew, it took no steps to assure that claimant was aware of their presence. Without such awareness, the Staff Hearing Officer further holds that the responsibility upon claimant to wear such item(s) cannot be triggered. Therefore, the employer failed to 'provide' the required items to meet the intent of Ohio Administrative Code 4121:1-3-03(J)(1) and, as such, is found to have violated said code section."

**{¶ 9}** NHS filed a mandamus action in the Court of Appeals for Franklin County, contesting the VSSR award. The court of appeals upheld the award and denied the writ, prompting NHS's appeal to this court as of right.

**{¶ 10}** Because a VSSR is a penalty, all reasonable doubts as to the specific safety requirement's interpretation must be strictly construed in the employer's favor. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216. At issue here is whether the employer "provided" equipment. There is no dispute that the required equipment was in the truck, at the job site, when the claimant fell. The commission and the court of appeals nevertheless found that the

items were not provided after concluding that the claimant was unaware that the equipment was there.

{¶ 11} We agree with the commission's underlying premise, *i.e.*, that if a worker does not know that certain equipment exists, the employer has not provided it. Therefore, the inquiry focuses on the presence of "some evidence" that claimant did not know about the equipment.

{¶ 12} In this case, there is the requisite evidence supporting the commission's decision either way. Claimant's testimony—unrebutted in any meaningful manner—attested to prior practices and a chain of procedure such that neither actual nor constructive knowledge of safety-belt availability was a given. No more is required.

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Eastman & Smith Ltd., John T. Landwehr* and *Michael J. Spisak,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

*McCrory & Associates Co., L.P.A., Kurt M. Young* and *Megan E. Burke*, for appellee Ron Schmidt.

————————————